UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CYNTHIA CHILDERS | * | CIVIL ACTION |
| VERSUS | * | NO. 21-960 |
| RENT-A-CAR EAST, INC., ET AL. | * | SECTION "G" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Cynthia Childers' Motion to Compel Discovery Responses from Defendants Trans Union, LLC and Equifax Information Services, LLC ("Equifax"). ECF No. 89. Trans Union and Plaintiff timely filed Opposition and Reply Memoranda. ECF No. 93-94. On March 4, 2024, Plaintiff filed a Notice of Settlement with Equifax. ECF No. 92. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel (ECF No. 89) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff Cynthia Childers filed suit against, among others, Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC (collectively, the "credit bureaus") under the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and Louisiana's Unfair Trade Practices Act for damages allegedly sustained after the credit bureaus refused to remove an erroneous entry associated with identity theft from Plaintiff's credit report. ECF Nos. 1, 67. Plaintiff now seeks to compel full and complete discovery responses to Requests for Production Nos. 10-19 from Equifax and Trans Union, both of whom allegedly promised to produce the information but failed to do so. ECF No. 89. Plaintiff argues that the documents are necessary for her expert to prepare his report, which is due on March 22, 2024, and

1

because she needs "to discover what each defendant actually did when it received the various disputes in this case." *Id.* at 2-4.

In Opposition, Trans Union argues that the motion should be denied because it has already produced the requested information and Plaintiff failed to meet and confer about Requests Nos. 10-19 specifically. ECF No. 93. Trans Union alleges that Plaintiff requested "Data Views, and/or name scans, and/or frozen scans" for the first time during the parties' February 7, 2024 Rule 37 conference but such information is unnecessary because Trans Union's production clearly demonstrates the steps it took in response to Plaintiff's disputes. *Id*. at 1-2. Accordingly, Trans Union argues, this new request seeks irrelevant information that would be "particularly burdensome" to produce. *Id*. at 2. On March 5, 2024, Trans Union also produced amended objections and responses to the document requests, which responses "further communicated to Plaintiff that no such documents exist." *Id*. at 2-3. As such, Trans Union requests that the court deny Plaintiff's motion to compel irrelevant, unreasonably cumulative, and duplicative information. *Id*. at 6-7.

In Reply, Plaintiff argues that Trans Union is playing the "Name Game" by alleging it does not have "name scans," "frozen scans," or "data views" because Trans Union no longer calls its monthly snapshots of a consumer's credit history by those names, although it still maintains such procedures or systems. ECF No. 94. Plaintiff contends that, while Trans Union has produced the results of its reinvestigations, Plaintiff seeks information about the steps Trans Union took, the information it reviewed, and the correspondence or reports generated in order to obtain those results. *Id*. at 2-3. Plaintiff insists that Trans Union maintains, and she is entitled to information from, "some database, file, procedure or system" in which it keeps relevant information regarding a given consumer and her disputes, including the requested information regarding its

2

reinvestigation of Plaintiff's disputes, if any, and Trans Union's proportionality objection regarding production of same is without merit. *Id*. at 4.

## II. APPLICABLE LAW

### A. Rule 37's Meet and Confer Requirement

In connection with a discovery motion, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification.[1] These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[2] Although Plaintiff's counsel attached an affidavit reflecting that he conferred with counsel for Trans Union on February 7, 2024, Plaintiff's certification fails to set forth the specific, detailed information required by this Court.[3]

Further, Trans Union argues that the parties did not discuss Requests Nos. 10-19 in their February 7, 2024 phone call. The failure to engage in a fulsome meet and confer on each disputed response prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[4] However, in the interests of expediency and judicial economy, the court will address the merits of this motion.

---

[1] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited March 8, 2024).
[2] *Id.*
[3] *See* ECF No. 89-2.
[4] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *see also Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin*

B. <u>Scope of Discovery</u>

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional. The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

C. <u>Duty to Respond to Discovery</u>

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or

---

*Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[5]

A party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered. FED. R. CIV. P.34(b)(2)(A). This production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response." FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1); FED. R. CIV. P. 34(b)(2)(B).[6] A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1). For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reason. FED. R. CIV. P. 34(b)(2)(B). If a party fails to produce documents, respond that inspection will be permitted, or permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection. FED. R. CIV. P. 37(a).

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[7] and courts have long interpreted the rules to prohibit general, boilerplate objections.[8] When a party

---

[5] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[6] A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
[7] 8B CHARLES WRIGHT & ARTHUR MILLER, *Federal Practice and Procedure: Civil* § 2173 (3d ed. 2021).
[8] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC,* Nos. 13-2809, 12-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).

objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[9]  Objections interposed without also indicating whether any document or information is being withheld are improper.[10]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[11]  Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections.  Courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[12]

### III. ANALYSIS

Considering Plaintiff's March 4, 2024 Notice of Settlement with Equifax, the portion of her motion seeking to compel responses from Equifax is moot.  *See* ECF No. 92.  The court, therefore, will address only Trans Union's responses to Plaintiff's Requests for Production Nos. 10-19.

#### A. The Specific Requests and Responses

The particular requests at issue read:

**REQUEST FOR PRODUCTION NO. 10:**  All computerized data relating to plaintiff or any reinvestigation regarding plaintiff.

**RESPONSE:** Trans Union refers Plaintiff to its documents produced and labeled TU 1–TU 169. Trans Union has limited its search for responsive documents and information to its consumer operations documents relating to Plaintiff from January

---

[9] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objs. overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).
[10] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall short of party's burden when party objected based on privilege but failed to state whether any documents were withheld or the nature of withheld documents).
[11] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").
[12] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").

2021 to the date of the filing of this lawsuit. Trans Union objects to providing a further response to this Request on the grounds that "[a]ll computerized data" fails to identify the documents sought with sufficient particularity and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1), 34(b)(1)(A). Trans Union objects to the term "computerized data" as vague and undefined, leaving Trans Union to speculate as to the information Plaintiff is referencing or requesting. Trans Union objects to this Request as overly broad and not reasonably limited in time or scope. Complying with this Request, as written, would require Trans Union to produce a multitude of irrelevant documents that are unrelated to the allegations and would create an undue burden and expense for Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union or confidential information of third parties or other consumers. FED. R. CIV. P. 26(c). Trans Union objects to this Request to the extent it seeks documents protected by the attorney-client, work product, and joint defense privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 11:** All historical, archived or electronic record of any Metro Tape Data, which was the subject of a reinvestigation relating to plaintiff.

**RESPONSE:** Trans Union objects to this Request on the grounds that the phrase "Metro Tape Data" is vague, overly broad, and fails to identify the documents or information sought with sufficient particularity. FED. R. CIV. P. 34(b)(a)(A). Trans Union objects to the term "Metro Tape Data" as vague and undefined, leaving Trans Union to speculate as to the information Plaintiff is referencing or requesting. Trans Union objects to this Request to the extent the documents sought are not relevant to the claims and defenses in this case and are not proportional to the needs of this case. FED. R. CIV. P. 26(b)(1). Trans Union objects to this Request because "[a]ll historical, archived or electronic record of any Metro Tape Data" is overly broad in time and scope. Trans Union further objects to the extent this Request seeks information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union further objects to this request to the extent it encompasses information protected by the attorney-client and joint defense privileges. FED. R. CIV. P. 26(b); FED. R. EVID. 502.

**REQUEST FOR PRODUCTION NO. 12**: All ACIS documents relating to plaintiff.

**RESPONSE**: Trans Union objects to this Request to the extent it seeks documents that are not relevant to this case and are not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to the phrase "ACIS documents" because it is undefined and ambiguous, leaving Trans Union to speculate as to the meaning and the documents sought in this Request. Trans Union further objects to this Request because it is not reasonably limited in time or scope. Trans Union

further objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 13:** All ACRO documents relating to plaintiff.

**RESPONSE:** Trans Union objects to this Request to the extent it seeks documents that are not relevant to this case and are not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to the phrase "ACRO documents" because its undefined and ambiguous, leaving Trans Union to speculate as to the meaning and the documents sought in this Request. Trans Union further objects to this Request because it is not reasonably limited in time or scope. Trans Union further objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 14:** All Log F reports and documents relating to plaintiff, including all inquiry information received and all reports or information provided.

**RESPONSE:** Trans Union objects to this Request to the extent it seeks documents that are not relevant to this case and are not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to the phrase "Log F reports and documents" because its undefined and ambiguous, leaving Trans Union to speculate as to the meaning and the documents sought in this Request. Trans Union further objects to this Request because it is not reasonably limited in time or scope. Trans Union further objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 15:** All Frozen Scans related to plaintiff or plaintiff's identifying information for the past seven years.

**RESPONSE:** Trans Union has no responsive documents for this Request. Trans Union has limited its search for responsive documents and information to its consumer operations documents relating to Plaintiff from January 2021 to the date of the filing of this lawsuit. Trans Union objects to this Request to the extent it seeks documents that are not relevant to this case and are not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to the phrase "Frozen Scans" because its undefined and ambiguous, leaving Trans Union to speculate as to the meaning and the documents sought in this Request. Trans Union further objects to this Request because it is not reasonably limited in time or scope. Trans Union further objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union also objects to this Request to

the extent it seeks information protected by the attorney-client, joint defense, and work product privileges. FED. R. EVID. 502.

**REQUEST FOR PRODUCTION NO. 16:** All Frozen Scans for the past seven years related to any consumer whose file was mixed with plaintiff's file or whose information was placed in plaintiff's file at any time.

**RESPONSE**: Trans Union has no responsive documents to this Requests. Trans Union has limited its search for responsive documents and information to its consumer operations documents relating to Plaintiff from January 2021 to the date of the filing of this lawsuit. Trans Union objects to this Request to the extent it seeks documents that are not relevant to this case and are not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Complying with this Request, as written, would require Trans Union to produce a multitude of irrelevant documents unrelated to the allegations and would create an undue burden and expense for Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to the phrase "Frozen Scans" because its undefined and ambiguous, leaving Trans Union to speculate as to the meaning and the documents sought in this Request. Trans Union further objects to this Request because it is not reasonably limited in time or scope. Plaintiff's Request is not limited to information that is relevant to the claims or defenses of any party and is not proportional to the needs of the case as Plaintiff's Request seeks documents far beyond the allegations, time period, and scope of Plaintiff's Complaint. FED. R. CIV. P. 26(b)(1). Trans Union further objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union also objects to this Request to the extent it seeks information protected by the attorney-client, joint defense, and work product privileges. FED. R. EVID. 502.

**REQUEST FOR PRODUCTION NO. 17:** All online combine logs concerning plaintiff.

**RESPONSE:** Trans Union objects to this Request to the extent it seeks documents that are not relevant to this case and are not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to the phrase "online combine logs" because its undefined and ambiguous, leaving Trans Union to speculate as to the meaning and the documents sought in this Request. Trans Union further objects to this Request because it is not reasonably limited in time or scope. Trans Union further objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union also objects to this Request to the extent it seeks information protected by the attorney-client, joint defense, and work product privileges. FED. R. EVID. 502.

**REQUEST FOR PRODUCTION NO. 18:** All terminal audit trails concerning plaintiff.

**RESPONSE:** Trans Union refers Plaintiff to its documents produced and labeled TU 1–TU 169. Trans Union has limited its search for responsive documents and information to its consumer operations documents relating to Plaintiff from January 2021 to the date of the filing of this lawsuit. Trans Union objects to this Request to the extent it seeks documents that are not relevant to this case and are not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to the phrase "terminal audit trails" because it is undefined and ambiguous, leaving Trans Union to speculate as to the meaning and the documents sought in this Request. Trans Union further objects to this Request because it is not reasonably limited in time or scope. Trans Union further objects to providing information that constitutes confidential, proprietary, and trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union also objects to this Request to the extent it seeks information protected by the attorney-client, joint defense and work product privileges. FED. R. EVID. 502.

**REQUEST FOR PRODUCTION NO. 19:** All documents relating to referrals sent to or received from another credit reporting agency regarding complaints received from plaintiff alleging identity theft, or requesting a fraud alert or the blocking of information.

**RESPONSE:** Trans Union refers Plaintiff to its documents produced and labeled TU 1–TU 169. Trans Union has limited its search for responsive documents and information to its consumer operations documents relating to Plaintiff from January 2021 to the date of the filing of this lawsuit. Trans Union objects to providing a broader response to this Request on the grounds that "[a]ll documents relating to referrals sent to or received" is vague and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Plaintiff's Request is not limited to information that is relevant to the claims or defenses of any party and is not proportional to the needs of the case as Plaintiff's Request seeks documents far beyond the allegations, time period, and scope of Plaintiff's Complaint. FED. R. CIV. P. 26(b)(1).

ECF No. 89-1 at 2-3.

    B.    **Analysis**

Trans Union asserts substantially similar objections throughout its responses. Trans Union's objection regarding the lack of temporal scope has merit. Plaintiff alleges that an account was improperly opened in her name on November 23, 2020, and the credit bureaus deleted the account on May 18, 2021, when Plaintiff filed this complaint. ECF No. 67 ¶¶ 1, 17. Thus, the

temporal scope of the Requests at issue (including Request Nos. 15 and 16, which sought 7 years' worth of data) must be limited to November 23, 2020 to May 18, 2021.  Likewise, Trans Union's objection to the use of the term "all computerized data" as vague and undefined is appropriate.  Transunion did, however, appear to understand the request because it produced documents in response to Request for Production No. 10.  Trans Union must identify what "computerized data" it is has produced and identify any "computerized data" being withheld based on the asserted objection, as required by FED. R. CIV. P. 34(b)(2)(C).  Compliance with Rule 34(b)(2)(C) will enable Plaintiff to determine whether a request for any additional, specifically identified computerized data is necessary.

Trans Union's objections "to the extent" a discovery request seeks information that constitutes confidential, proprietary, and trade secret information of Trans Union or encompasses information protected by the attorney-client and joint defense privileges are and improper and thus overruled.  Concerns regarding confidential, proprietary or trade secret information may readily be addressed through issuance of a protective order.[13]  Any privilege objections must be asserted with specificity and accompanied by a proper privilege log, which does not appear to have been done here.  Therefore, any documents withheld on the basis of confidentiality must be produced pursuant to a protective order and any documents withheld based on privilege must be identified on a privilege log within fourteen (14) days.

Trans Union's proportionality objections are unsubstantiated.  Trans Union has not explained in any detail how obtaining and producing the requested data maintained in its electronic databases fails Rule 26(b)'s proportionality limitation.  Further, Trans Union offers no information

---

[13] A sample Protective Order is available on the undersigned's court webpage: https://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (Last accessed Mar. 11, 2024).

whatsoever as to the steps necessary to produce same, the time entailed or the costs associated with production.  A party resisting discovery on grounds of proportionality bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the proportionality considerations.[14]

Plaintiff seeks "frozen scans, data views or viewers, which are basically monthly snap shots of a consumer's credit history with that respective [bureau]."  ECF No. 94 at 2,  In an effort to obtain the digital snapshot, Plaintiff issued Requests No. 10-19, which requests appear to seek the same information under different names.  Indeed, Trans Union concedes that it understands the crux of Plaintiff's requests when it states that it does not have "data views" and, if it were to assume that Plaintiff was "confused" and meant to request documents that showed what was on Plaintiff's Trans Union credit file at a given time during and after Plaintiff's disputes, such a request would be unreasonably cumulative and duplicative of Trans Union's production.  ECF No. 93 at 6.

Trans Union cannot avoid its discovery obligations by denying the existence of responsive information simply because it refers to that data by a different name nor can it refuse to interpret terms as commonly used.  Indeed, *neither* party defined the numerous technical terms referenced in the discovery requests and briefs, but the terms must be interpreted according to their prevailing industry meaning:

- "Metro Tape Data" refers to the data that furnishers such as banks, credit unions, consumer credit companies, retailers, and auto finance companies, produce to credit reporting agencies on a regular basis.[15]
- "Automated Consumer Interview System," (ACIS) is a network of applications and automated processes that handles consumer questions, concerns, and disputes regarding consumer credit data.  For some credit bureaus, the ACIS network services an online dispute portal, a web application where consumers

---

[14] *Ictech-Bendeck v. Waste Connections Bayou, Inc.,* No. 18-7889, 2023 WL 3687427, at *2 & n.25 (E.D. La. May 26, 2023) (citing *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016)), *on reconsideration in part*, No. 18-7889, 2023 WL 4706200 (E.D. La. July 24, 2023).
[15] *See* METRO 2® FORMAT FOR CREDIT REPORTING, Consumer Data Industry Association, https://www.cdiaonline.org/resources/furnishers-of-data-overview/metro2-information/ (last accessed Mar. 6, 2024).

- can dispute items appearing on their consumer credit reports and upload supporting documents, or a platform for credit freezes and fraud alerts.[16]
- "ACRO" appears to be Equifax's core online credit reporting database.[17]
- "Log F" reports contain copies of credit files pulled by a credit bureau when an inquiry is received about an individual.[18]
- "Online combine logs" appears to refer to documents reflecting that plaintiff's credit file was being mixed with someone else's credit file.[19]
- "Audit trail" is "a list of changes made by a consumer reporting agency to a consumer's credit history record, maintained to detect fraudulent changes to that record."[20]

Plaintiff defines "frozen scans" as monthly snap shots of a consumer's credit history with a given credit reporting agency.[21]

The identified information (e,g., the credit reporting data that Trans Union received from furnishers regarding the AcceptanceNow account, ACIS documents, ACRO (or similar documentation), Log F documents, "frozen scans" or monthly snapshots of Plaintiff's file, online combine logs concerning Plaintiff (or other documents reflecting a mixture of Plaintiff's credit file with another consumer's credit file), an audit trail for Plaintiff's credit file, and documentation regarding Plaintiff's reports of identity theft, fraud alerts or blocking concerning Plaintiff's account) is relevant to Plaintiff's claims.[22] Trans Union has not properly supported its

---

[16] *Id*.

[17] *See Beseke v. Equifax Info. Servs., LLC*, 420 F. Supp. 885, 889 (D. Minn. 2019 ("Equifax's core online credit reporting database is called "ACRO," [which] includes encoded algorithms that automatically delete obsolete information at multiple stages. Equifax alleges that it relies on creditors to report accurate information including the date of first delinquency ("DOFD") and any collection activity, and determines obsolescence accordingly.") (record citations omitted).

[18] *See Indich v. Equifax Info. Servs.,* LLC, No. 16-2484, 2018 WL 19252584, at *4 n.8 (D. Colo. Mar. 6, 2018) (recounting expert testimony explaining that, "when [a credit] inquiry is received about an individual, Defendant pulls a credit file on that person, and from that file, several different products can be produced, depending on the inquirer's specifications. . . Defendant retained, and is in possession of, a copy of the credit file that was pulled, [which] document is called a "log f" or "log file.").

[19] *See Plaintiff's Motion to Compel Production from Defendant Trans Union LLC* in *Menegol v. Equifax Information Services, et al.,* No. 04-1741, 2005 WL 4133757 (W.D. Wash. July 18, 2005).

[20] *Brown v. Equifax Info. Servs., LLC.* No. 09-168, 2010 WL 1164703, at *14 (N.D. Ga. Feb. 16, 2010) (citing 16 C.F.R. pt. 600, app. § 603).

[21] ECF No. 94 at 2.

[22] Other courts have reached the same conclusion. *See, e.g., Courtice v. Midland Credit Mgmt., Inc.,* No. 08-719, 2009 WL 10708190, at *2 (D.N.M. May 5, 2009) (compelling production of "name scans" which "show a snapshot of Plaintiff's credit at a particular time"); *Washington Mut. Bank v. Foster*, No. 06-622, 2008 WL 11351449, at *2

proportionality objection. Indeed, given the Court's temporal limitation of November 23, 2020 through May 18, 2021, Trans Union appears to have largely satisfied Requests Nos. 10, 18 and 19. To the extent supplementation is required to comply with this order, same must be done within 14 days.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel Responses from Defendant Trans Union (ECF No. 89) is GRANTED IN PART AND DENIED IN PART as stated herein. Trans Union must supplement its responses within fourteen (14) days.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Responses from Defendant Equifax is DENIED AS MOOT given the parties' settlement.

New Orleans, Louisiana, this __11th__ day of March, 2024.

                                                        DONNA PHILLIPS CURRAULT
                                                        UNITED STATES MAGISTRATE JUDGE

---

(M.D. La. June 27, 2008) (denying Trans Union's objection that production of "name scan" or "snap shot" documents would be overly burdensome, noting that, to support such an objection, the respondent must come forward with specific information, such as "estimates of the staff hours needed to comply" with the request in order to demonstrate that compliance is indeed overly burdensome).