UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CYNTHIA CHILDERS | * | CIVIL ACTION |
| VERSUS | * | NO. 21-960 |
| RENT-A-CENTER EAST, INC., ET AL. | * | SECTION "G" (2) |

**ORDER AND REASONS**

Pending before me on an expedited basis is Defendant Experian Information Solutions, Inc.'s Motion to Compel Production of Plaintiff's Settlement Agreement with TransUnion, LLC. ECF Nos. 154, 157. Plaintiff timely filed an Opposition and Experian timely filed a Reply. ECF Nos. 158, 160. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Compel is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Cynthia Childers originally filed suit against, among others, Rent-A-Center East, Inc., Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, LLC (collectively, the "credit bureaus") under the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), and Louisiana's Unfair Trade Practices Act alleging damages sustained after the credit bureaus refused to remove an erroneous entry associated with identity theft from her credit report. ECF Nos. 1, 67. Plaintiff voluntarily dismissed some claims and resolved her claims against Rent-A-Center, Equifax, and TransUnion. ECF Nos. 56, 92, 109, 149.

In response to Experian's discovery requests, Plaintiff produced a copy (marked confidential) of her settlement agreement with Rent-A-Center. ECF No. 154-2 at 3. Experian requested that Plaintiff supplement by producing a copy of her recent settlement agreement with

1

TransUnion, but she has refused to do so. *Id.* at 4. Experian contends the settlement is relevant because Plaintiff seeks to recover for same emotional distress damages from all three defendants, and the one satisfaction rule applies to her FCRA claims. *Id.* at 2, 9-16. Experian asserts that good cause exists to allow the filing of this motion to compel after expiration of the discovery deadline because the settlement did not exist and could not be obtained before the deadline. *Id.* at 7 n.5.

Plaintiff opposes the motion, arguing that the one satisfaction rule does not apply in this case because her claims against Experian involve a separate injury. ECF No. 158 at 3-5. Plaintiff argues that she asserts a parroting, not a blocking, claim and thus Experian is not a joint tortfeasor. *Id.* at 5-6. Plaintiff argues that Louisiana law favors settlements and disclosure of same will have a chilling effect. *Id.* at 6-8.

In Reply, Experian argues that Plaintiff concedes that Experian may be entitled to offset under the one satisfaction rule and delaying production of the Trans Union settlement agreement until after a jury verdict is unduly prejudicial. ECF No. 160 at 1-3 (citing ECF No. 158 at 4). Experian argues that the settlement amount informs its pretrial strategy and how it presents evidence to the jury. *Id.* at 3-5. Experian argues that Louisiana law does not authorize withholding relevant evidence in discovery based on confidentiality restrictions and notes that Plaintiff recognized same was discoverable when it produced another confidential agreement pursuant to the governing Protective Order. *Id.* at 5-7.

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

> Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

Information need not be admissible into evidence to be discoverable. *Id.* Rather, the information merely needs to be proportional and relevant to any claim or defense. *Id.* The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[2] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[3] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[4] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[5] If relevance is in doubt, the court should be permissive in allowing discovery.[6]

Settlement agreements, even if declared confidential by the parties, are not privileged.[7] Discovery of confidential settlement agreements is generally available under an appropriate protective order.[8] Thus, while settlement agreements may be inadmissible in evidence for some

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[2] *Id.* at 590 n.5 (citation omitted).
[3] *Id.*
[4] *Id*. at 590 (citations omitted).
[5] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[6] *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[7] *Greenfield Com. Credit, L.L.C. v. Catlettsburg Refin., L.L.C.*, No. 03-3391, 2006 WL 8456032, at *5 (E.D. La. Apr. 24, 2006).
[8] *St. Bernard Par. v. Lafarge N. Am., Inc*., 914 F.3d 969, 975 (5th Cir. 2019) (citations omitted); *see also Moore v. Wayne Smith Trucking Inc*., No. 14-1919, 2015 WL 6438913, at *3 (E.D. La. Oct. 22, 2015) (holding that discovery of a settlement agreement is only appropriate if it is relevant to the instant litigation).

purposes, they are certainly discoverable and admissible for other purposes when relevant to any claim or defense.[9]

Given the potential relevance of the Trans Union settlement to Experian's defenses and Plaintiff's recovery, coupled with Plaintiff's failure to establish that the information could have "no possible bearing" on any claim or defense, Plaintiff must produce the Trans Union settlement agreement. However, it shall be produced as "Confidential Information" subject to the governing Protective Order. ECF No. 108.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Experian's Motion to Compel is GRANTED as stated herein. Plaintiff must deliver a copy of her Trans Union settlement agreement, marked confidential, within fourteen (14) days.

New Orleans, Louisiana, this ___17th___ day of September, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[9] *Cleveland Constr. Inc. v. Whitehouse Hotel Ltd. P'ship*, No. 01-2666, 2004 WL 385052, at *1 (E.D. La. Feb. 25, 2004) (citing FED. R. EVID. 408; 23 C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5308, at 237-38 (1980); *Griffin v. Mashariki*, No. 96-6400, 1997 WL 756914, at *2 (S.D.N.Y. Dec. 8, 1997); *Glaze v. G & B Marine, Inc.*, No. 95-1845, 1997 WL 20738, at *1 (E.D. La. Jan. 16, 1997) (Fallon, J.); *Sec. & Exch. Comm'n v. Downe*, No. 92-4092, 1994 WL 23141, at *6 (S.D.N.Y. Jan. 27, 1994); *Collins v. Coastline Constr., Inc.*, No. 92-16, 1992 WL 125328, at *3 (E.D. La. May 25, 1992) (Schwartz, J.); *Koch Indus., Inc. v. Columbia Gas Transmission Corp.*, No. 89-2156, 1990 WL 72789, at *2 (E.D. La. May 29, 1990) (Sear, J.)).